IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 cv 220

| | | |
|---|---|---|
| BECKY A. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MISSION HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion to Strike [# 12]. On August 14, 2017, pro se Plaintiff filed her Complaint [# 1]. On September 12, 2017, Plaintiff filed her Amended Complaint [# 4]. On October 30, 2017, Defendant filed its Motion to Dismiss for Failure to State a Claim [# 7]. On November 16, 2017, Plaintiff filed a Response to the motion to dismiss [# 10]. On November 17, 2017, Plaintiff filed an additional Response to the motion to dismiss [# 11]. On November 27, 2017, Defendant filed its Motion to Strike Plaintiff's Responses [# 12]. Defendant asks the Court to strike Plaintiff's responses because the responses do not directly respond to Defendant's Motion to Dismiss and attempt to supplement the Amended Complaint with facts and evidence.

**Background**. In the Amended Complaint, Plaintiff alleges employment discrimination, including termination, based on sex and religion [# 4]. Plaintiff's

Amended Complaint contains: (1) WDNC–EEOC Complaint form; (2) a typed narrative of the allegations; and (3) a list of other people Plaintiff believes Defendant has discriminated against.

Defendant's Motion to Dismiss and Memorandum in Support responds to the Amended Complaint stating that it lacks the facts to allege employment discrimination [# 7 & 8].

In Plaintiff's first response, Plaintiff requests that the Motion to Dismiss be denied [# 10]. Plaintiff states that she submits a response that she created during an EEOC investigation. Plaintiff then states that "I have copies of documents, receipts, phone records, texts [sic] messages, emails, faces, supporting everything that can back up the evidence to prove and support this case in a court of Law" [# 10]. The remaining thirty-three pages of the first response include copies of:

- Emails between Plaintiff and an EEOC investigator
- A PowerPoint presentation on social media in the workplace (including Facebook)
- Emails between Plaintiff and an employee of Mission Hospital
- A Mission Hospital FMLA Request for Leave form
- A four-page handwritten narrative of an alleged HIPPA violation
- Job postings for which Plaintiff had applied
- A receipt for a legal consultation

- Two "transmission verification" reports
- A Patient Safety Confidentiality Complaint from the Department of Health and Human Services: Office of Civil Rights
- Copies of visit summaries from two medical visits between Plaintiff and her doctor [# 10]

Plaintiff's second response is one page and states that Plaintiff could have asked for $1,000,000 in damages [# 11]. Plaintiff then states that for relief, in addition to the alleged $450,000 in damages, Plaintiff wants her house paid off, her car paid off, her credit card paid off, and her credit repaired [# 11].

The materials included in Plaintiff's responses fall outside the Amended Complaint and fail to directly respond to Defendant's Motion to Dismiss.

**Legal Standards.** Under Local Civil Rule 7.1(e), a "reply brief should be limited to a discussion of matters newly raised in the response."

Under Fed. R. Civ. P. 12(f), the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either sua sponte or upon motion. See Simaan, Inc. v. BP Products North American, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005).

The Court has three options regarding Plaintiff's Responses: (1) the Court could allow the materials; (2) the Court could ignore the materials; or (3) the Court could strike the Responses.

If the Court allowed the materials in Plaintiff's Responses, Fed. R. Civ. P. 12(d) would require the Court to treat the Motion to Dismiss as a motion for summary judgment.

The other two options have the same practical effect of not considering the outside materials. A court may either ignore the materials or go an 'extra step' and strike them at its discretion. See McBurney v. Cuccinelli, 616 F.3d 393, 410 (4th Cir. 2010) (J., Agee, concurring in part and dissenting in part); Brown v. Bank of America, 2012 WL 380145 at *6 (D. Md. Feb 3, 2012).

**Discussion.** The Court does not believe that pro se Plaintiff has intended to convert the Motion to Dismiss to a motion for summary judgment. Because the Court does not believe that Plaintiff intended to convert the Motion to Dismiss into a motion for summary judgment, the Court will either ignore or strike Plaintiff's Responses when considering Defendant's Motion to Dismiss.

Defendant has moved to strike Plaintiff's Responses. See Dickens v. Werner Enterprises, Inc., 1:12cv76, 2012 WL 3061503 at *1 (N.D. Va. July 26, 2012); Cars Unlimited II, Inc. v. National Motor Co., 472 F. Supp. 2d 740, 750 n.9 (E.D. Va. 2007). While not required, the Court finds good cause to strike Plaintiff's Responses including striking sensitive personal medical information of the Plaintiff.

Therefore, the Court **GRANTS** the motion [# 12]. The Court **STRIKES** Plaintiff's Responses [# 10 & 11] from the docket.

The Court recognizes that pro se plaintiffs are at a disadvantage with regard to federal civil procedure and pleadings. Accordingly, the Court **DIRECTS** Plaintiff to thoroughly read Defendant's Motion to Dismiss [# 7] and file a response within **two weeks** of the entry of this Order. Plaintiff should limit her response only to issues and matters raised in the Motion to Dismiss. Plaintiff should not include extraneous documents. If Plaintiff does not file a response, or if that response again includes materials or evidence outside the Amended Complaint or Motion to Dismiss, the Court may proceed to evaluate Defendant's Motion to Dismiss without a response from Plaintiff.

Signed: January 8, 2018

Dennis L. Howell
United States Magistrate Judge