# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cv 220

| | |
|---|---|
| BECKY A. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM & |
| ) | RECOMMENDATION |
| MISSION HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss. [# 7]. On September 12, 2017, pro se Plaintiff filed her Amended Complaint. [# 4]. Plaintiff's Amended Complaint asserts claims of sex and religious discrimination, in violation of 42 U.S.C. § 2000e, *et seq.* (Title VII). [# 4]. On October 30, 2017, Defendant filed its motion to dismiss. [# 7]. The District Court referred the motion to this Court. Accordingly, Defendant's motion is now before this Court for a Memorandum and Recommendation to the District Court. The Court will recommend that the District Court grant Defendant's motion to dismiss [# 7] and dismiss all claims in Plaintiff's Amended Complaint.

**I.     Procedural History**

On August 14, 2017, pro se Plaintiff filed her Complaint using a WDNC-EEOC Complaint form and included her statement to the Equal Employment Opportunity Commission (EEOC), her EEOC right to sue letter, and civil cover sheet. [# 1]. On September 12, 2017, Plaintiff filed her Amended Complaint and included an almost identical WDNC-EEOC Complaint form, Plaintiff's EEOC statement, and the names of five other people who Plaintiff believes Defendant has

discriminated against.[1] [# 7]. On October 30, 2017, Defendant filed its Motion to Dismiss. [# 7].

On November 16, 2017, Plaintiff filed two responses in opposition to the Motion to Dismiss that contained sensitive information and allegations outside the scope of the Amended Complaint. [# 10, # 11]. On November 27, 2017, Defendant filed a motion to strike Plaintiff's responses. [# 12]. On December 14, 2017, Plaintiff filed a response in opposition to the motion to strike and again included sensitive materials. [# 15].[2] On January 8, 2018, the Court granted the motion and struck Plaintiff's responses from the docket. [# 16]. The Court directed Plaintiff to file a response that limited itself in scope to the Motion to Dismiss and Amended Complaint. [# 16]. On January 25, 2018, Plaintiff filed her third and appropriate Response in Opposition to the Motion to Dismiss. [# 17]. Defendant did not file a reply.

**II.     Factual Background**

On April 9, 2001, Defendant hired Plaintiff as a medical records clerk II/office clerk. [# 4, Ex. 1 p. 1] [hereinafter *EEOC Stmt.*]. In early 2015, a travel registered nurse[3] bullied Plaintiff by inappropriately hitting her across the buttocks and saying obnoxious remarks. [EEOC Stmt. p. 1]. On October 21, 2015, the manager of Defendant's Labor and Delivery conducted an unauthorized chart audit of Plaintiff's medical records. [Id.]. On December 21, 2015, Plaintiff sought legal counsel who advised Plaintiff to file a formal harassment complaint with Defendant's Human Resources (HR). [Id.]. HR stated to Plaintiff that it could not do anything regarding the unauthorized chart audit. [Id.].

---

[1] Because Plaintiff is proceeding pro se, the Court will incorporate Plaintiff's EEOC right to sue letter into her Amended Complaint.

[2] On March 22, 2018, the Court on its own motion sealed the exhibits in this response, restricted to the parties, because it contains medical records and other sensitive information.

[3] Plaintiff does not allege the sex of the traveling registered nurse.

Later, Plaintiff decided to transfer out of her department. [Id.]. Plaintiff asked to be transferred several times and also began applying for other positions. [Id.]. On December 20, 2015, Plaintiff emailed Karen Olsen stating her concerns. [EEOC Stmt. p. 1]. Olsen did not meet with Plaintiff. [Id.]. On February 22, 2016, a privacy officer called Plaintiff regarding the alleged HIIPA violation. [Id.]. On that same date, Plaintiff filed a formal complaint with the Department of Health and Human Services.[4] [Id.].

On April 16, 2016, coworker Gale Holm referred to Plaintiff as "transgender." [Id.]. Around that same time, Holm stated that a doctor was praying with his patients and that another doctor's last name was similar to the name "Satan." [Id.]. Later, Plaintiff discovered that Holm and another coworker had made comments about Plaintiff on a private Labor and Delivery Department Facebook page. [EEOC Stmt. p. 1].

On May 24, 2016, Plaintiff received an email stating that she was no longer protected under the Family Medical Leave Act (FMLA). [Id.]. On May 26, 2016, Plaintiff met with HR. [Id.]. HR told Plaintiff that she needed to attend sessions with the Employee Assistance Network (EAN) for yelling at coworkers. [Id.]. Plaintiff asked HR about who had accused Plaintiff of yelling. [Id.]. HR did not disclose any names. [Id. at pp. 1–2]. Plaintiff declined to attend EAN and refused to sign any false accusations against her. [EEOC Stmt. p. 2]. HR accused Plaintiff of not applying for lateral positions within Mission Hospital, however, Plaintiff alleges that this was not true. [Id.].

On June 9, 2016, Defendant fired Plaintiff. [Id.]. At some point following the termination, Plaintiff filed a charge with the EEOC. [*See* id.].[5] On May 22, 2017, the EEOC mailed Plaintiff a

---

[4] It remains unclear to the Court if Plaintiff means the U.S. DHHS or the N.C. DHHS.

[5] Plaintiff's EEOC Statement includes an allegation of a violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Plaintiff, however, did not include this claim in her Amended Complaint. Therefore, the Court will not address that claim.

right to sue letter. [# 1, Ex. 1; Am. Compl. p. 3]. Plaintiff's Amended Complaint alleges the following discriminatory acts: (1) failure to promote; (2) termination of employment; (3) denial of equal pay/work; (4) sexual harassment; (5) general harassment; (6) other acts. [Am. Compl. p. 3]. Plaintiff alleges that the discriminatory acts where done so because of her sex and religion. [Id.]. Under "Cause of Action" of the Amended Complaint, Plaintiff specifically alleges in count one that she applied for other positions within Defendant Mission Hospital and was denied transfer. [Id. p. 4]. As supporting facts, Plaintiff states that her pay was topped out at $ 19.50 per hour, including base pay, weekender pay, and third shift pay. [Id.]. Plaintiff's manager waited until Plaintiff's FMLA time expired and then fired Plaintiff. [Id.]. In count two, Plaintiff re-alleges that coworkers had talked about Plaintiff via Facebook. [Id.]. Plaintiff states that she informed her supervisor. [Am. Compl. p. 4]. In her supporting facts for count two, Plaintiff states that Defendant's HR denied the existence of the Facebook page, however, Plaintiff knows people who can testify to its existence. [Id.].

Plaintiff lists many injuries, including financial loss, defamation of character, and pain and suffering. [Id.]. For relief, Plaintiff requests monetary compensation. [Id. p. 6].

**III. Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190–92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."

4

Consumeraffairs.com, 591 F.3d at 255; *see also* Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007); *see also* Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; *see also* Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. *See also* Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

"The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for lack of legal specificity." Morrison v. Res. Mgmt. Concepts, Inc., 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). While required to construe pro se complaints liberally, the Court cannot ignore when a pro se plaintiff clearly fails to allege facts to support a valid claim

under federal law. Gordon, 574 F.2d, at 1151; Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990). The Court will not conjure up facts and insert them in a plaintiff's complaint. Further, the Court is not required to "invoke causes of action that are neither articulated nor supported by factual allegations" in the complaint. Morrison, 2017 WL 1095067, at *2.

## III. Analysis

### A. Plaintiff Fails to Allege a Claim of Sex Discrimination

Plaintiff's first claim alleges sex discrimination, in violation of Title VII. It is unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). In order to allege a prima facie claim for sex discrimination, a plaintiff must allege: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of similarly-situated employees outside the protected class. *See* Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30, 132 S. Ct. 1327 (2012); Morrison, 2017 WL 1095067, at *2.

Construing the facts in the light most favorable for Plaintiff, Plaintiff has alleged that she was a member of a protected class and that Defendant took many adverse employment actions against her. Plaintiff's Amended Complaint, however, fails to allege satisfactory job performance and more favorable treatment of similarly-situated employees outside the protected class. The Court considered the length of time that Defendant employed Plaintiff as a positive factor in alleging satisfactory performance. But simply working for a company for many years cannot be extrapolated to mean satisfactory job performance over those years. Nothing else in the Amended Complaint speaks to Plaintiff's satisfactory performance, therefore, the Court finds that Plaintiff has not alleged prong two of a claim for sex discrimination under Title VII.

Further, the Amended Complaint fails to allege that any similarly-situated member outside the protected class was treated more favorably (i.e., promoted, salary increased, not terminated, etc.). Plaintiff successfully alleges that she was not promoted, she was not allowed to transfer, her pay was topped at 19.50 per hour, she was terminated, and she experienced harassment. The crucial element missing is an allegation that a similarly-situated male was treated more favorably. Nothing in the Amended Complaint would allow the Court to infer such a fact. Therefore, the Court finds that Plaintiff has failed to allege prong four of a claim for sex discrimination under Title VII.

Therefore, the Court will recommend that Defendant's Motion to Dismiss be granted as to Plaintiff's claim for sex discrimination.

### B. Plaintiff Fails to Allege a Claim of Religious Discrimination

Plaintiff's second claim alleges religious discrimination, in violation of Title VII. It is unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a). Religion is defined to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1018 (4th Cir. 1996) (quoting 42 U.S.C. § 2000e(j)).

The Fourth Circuit recognizes two theories for religious discrimination under Title VII: a disparate treatment theory and a failure to accommodate theory. Chalmers, 101 F.3d at 1017–19. Central to both theories is that a plaintiff is either engaged in a religious practice or an employer perceived that an employee engaged in a religious practice. Id.; *see* E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 2033 (2015) (regarding disparate-treatment claims "[a]n

employer may not make an applicant's religious practice, confirmed or otherwise, a factor in an employment decision."); E.E.O.C. v. Firestone Fibers & Textiles Co., 515 F.3d 307, 312–13 (4th Cir. 2008); McIntyre-Handy v. West Telemarketing Corp., 97 F. Supp. 2d 718, 729–36 (E.D. Va. 2000).

Plaintiff has failed to allege that she engaged in a religious practice or that Defendant perceived that she was engaged in a religious practice. The only allegation mentioned that broadly relates to religion was an assertion that coworker Gale Holm made a comment to Plaintiff that one doctor's last name appeared similar in spelling to "Satan." The Court emphasizes that it will not fabricate facts and weave them into the Amended Complaint. "Satan" can refer to a fallen angel, the antithesis to God, and/or temptation incarnate in Abrahamic religions (i.e., Judaism, Christianity, Islam, etc.). Satan has also entered the everyday vocabulary of most Americans as any profoundly evil adversary. Thus, the Court cannot infer Plaintiff's religious practice from only this allegation. Nothing else in the Amended Complaint allows the Court to conclude that Plaintiff engaged in a religious practice or that Defendant perceived Plaintiff to be engaged in a religious practice. Therefore, Plaintiff has failed to allege a prima facie case for religious discrimination under Title VII.

Accordingly, the Court will recommend that Defendant's Motion to Dismiss be granted as to Plaintiff's claim of religious discrimination.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 2] and dismiss all claims in Plaintiff's Amended Complaint.

Signed: April 2, 2018

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).