# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00220-MR-DLH

| | |
|---|---|
| BECKY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MISSION HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 7]; the Magistrate Judge's Memorandum and Recommendation [Doc. 18] regarding the disposition of that motion; and the *pro se* Plaintiff's Objection to the Memorandum and Recommendation [Doc. 19].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On April 2, 2018, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss be

granted. [Doc. 18]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On April 16, 2018, the Plaintiff filed her Objection to the Memorandum and Recommendation. [Doc. 19].

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the Plaintiff does not make any specific objection to the Magistrate Judge's Memorandum and Recommendation. Instead, she generally objects to the dismissal of her Complaint. This kind of objection does not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In her Objection, the Plaintiff also attempts to assert additional factual allegations in support of her claims. "When matters outside the pleadings are presented in a response to a 12(b)(6) motion, a district court has discretion to exclude the additional material." Lawson v. Miles, No. 1:11CV949 AJT/IDD, 2012 WL 3242349, at *4 (E.D. Va. Aug. 6, 2012) (citing Fonte v. Bd. Managers of Cont'l Towers Condo., 848 F.3d 24, 25 (2d Cir. 1988) ("Factual allegations contained in legal briefs or memoranda are ... treated as matters outside the pleadings for purposes of 12(b)(6)."). The Court will exercise such discretion here and exclude the new factual

3

allegations made in the Plaintiff's Objection. Even if the Court were to consider such new allegations, however, the Plaintiff's claims would still fail.

With respect to her sex discrimination claim, the Plaintiff asserts that a male scrub tech was hired shortly after her termination and that this person "was one of the people that [Plaintiff's supervisor] replaced [Plaintiff's] position with." [Doc. 19 at 1]. Even assuming that this allegation were true and had been properly pled, the Plaintiff still has failed to allege another essential element of her sex discrimination claim, namely, that her job performance was satisfactory. [See Doc. 18 at 6]. Thus, the Plaintiff's sex discrimination claim must be dismissed.

As for the Plaintiff's sexual harassment claim, the Court notes that the factual allegations of the Plaintiff's Amended Complaint do not relate to any claim of sexual harassment, and the Plaintiff does not attempt to assert any additional allegations in her Objection with respect to this claim. The only mention of any sexual harassment in the Plaintiff's pleadings (aside from a checked box next to "sexual harassment" on the form complaint) is found in her EEOC Charge, wherein she alleges that an unidentified nurse sexually harassed her for a 13-week time frame in "early 2015." [Doc. 1 at 7]. Assuming these facts to be true, it is evident on the face of her EEOC Charge

-- which was not filed until September 2016 -- that the Plaintiff does not claim to have been subjected to any sexual harassment within the 180 days prior to the filing of her EEOC Charge. As such, any claims of sexual harassment were time barred. See 42 U.S.C. § 2000e-5(e)(1) (requiring Charge of Discrimination to be filed within 180 days "after the alleged unlawful employment practice occurred"). Accordingly, the Court concludes that the Plaintiff's claim for sexual harassment must fail.

As for her religious discrimination claim, the Plaintiff contends in her Objection that she "never felt comfortable stating that [she] was a Christian in Mission Hospital out in the open," and she offers new factual allegations in support of this contention. [Doc. 19 at 1]. Even assuming the truth of such allegations and assuming that such allegations had been properly pled, the Plaintiff has still failed to allege a claim for religious discrimination. She has not alleged that she was engaged in any religious practice which the Defendant failed to accommodate. Alternatively, she has failed to allege that she was discriminated against with respect to her "compensation, terms, conditions, or privileges or employment" because of her religion. See 42 U.S.C. § 2000e-2(a). The Plaintiff's alleged discomfort in expressing her

religious beliefs is simply insufficient to state a claim for religious discrimination. Accordingly, this claim also must be dismissed.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss should be granted, and that this action should be dismissed.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 19] is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 18] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 7] is **GRANTED**, and this action is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: April 20, 2018

Martin Reidinger
United States District Judge